IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:21-CR-62-TAV-JEM |
| JACK BOLDEN, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

This case came before the Court on July 27, 2022, for a hearing to address, among other things, Defendant's Motion to Review Appointment of Counsel [Doc. 14], filed on July 20, 2022. Assistant Federal Defender Benjamin G. Sharp and Federal Defender Services of Eastern Tennessee ("FDS") were appointed as Defendant's counsel on June 8, 2022 [Doc. 6]. In the motion, Mr. Sharp and FDS request permission from the Court to withdraw from representation of Defendant due to an actual conflict of interest. Mr. Sharp also requests that substitute counsel be appointed in this matter. At the July 27 hearing, Mr. Sharp appeared on behalf of Defendant, who was also present. Assistant United States Attorney Brent N. Jones appeared on behalf of the Government and stated that the Government believes substitution of counsel is appropriate in this case. CJA Panel Attorney Chris Irwin was also present.

A defendant seeking the substitution of court-appointed counsel must show good cause for the substitution, such as an actual conflict of interest, a complete breakdown in communications

between attorney and client, or an irreconcilable break in the attorney-client relationship. *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the information in the motion, the undersigned finds good cause to substitute counsel, due to an actual conflict of interest. Accordingly, the Court finds the substitution of counsel is necessary in this case, and the Motion to Review Appointment of Counsel [**Doc. 14**] is **GRANTED**. Mr. Sharp and FDS are **RELIEVED** as counsel of record for Defendant. Attorney Irwin subsequently agreed to accept representation of Defendant. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Chris Irwin under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant.

The Court **ORDERS** as follows:

(1) The Motion to Review Appointment of Counsel [**Doc. 14**] is **GRANTED**;

(2) Attorney Benjamin G. Sharp and FDS are **RELIEVED** of their representation of Defendant Bolden. Mr. Sharp is **DIRECTED** to provide the discovery and information from Defendant's file to new counsel as soon as possible;

(3) Attorney Chris Irwin is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A; and

(4) The Clerk of Court is **DIRECTED** to add Attorney Irwin as Defendant' counsel of record.

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge